IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY HALL,<br><br>Plaintiff,<br><br>vs.<br><br>BUDDY MYOTTE, et al.,<br><br>Defendants. | CV 16–58–H–DLC–JTJ<br><br>ORDER |

On March 2, 2021, United States Magistrate Judge John Johnston entered his Findings and Recommendations ("F&R") which recommended that Defendants' Motion for Summary Judgment be granted in full. (Doc. 62.) Plaintiff Stacy Hall, a former Montana State Prison inmate proceeding pro se, objects and so is entitled to de novo review of those findings and recommendation to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

The Court will not restate the facts or procedural posture of this case, as the parties are familiar with both. After careful review of Judge Johnston's F&R, the Court adopts it in full.

**Discussion**

Judge Johnston recommended the Court grant Defendants' motion for summary judgment on Hall's claims that: (1) various prison officials violated the Eighth Amendment by demonstrating deliberate indifference to prison working conditions when Hall and another inmate were tasked with cleaning fecal content from a prison cell without specific safety equipment; (2) various medical employees at the prison acted with deliberate indifference to Hall's medical needs when they interfered with his ability to obtain higher quality treatment following an injury sustained during the cleaning task (described above) in violation of the Eighth Amendment; and (3) he received subpar medical care in retaliation for filing greivances related to the above incidents. (Doc. 86 at 2.) Judge Johnston also recommended the Court dismiss various Defendants for Hall's failure to serve them[1] and dismiss Hall's claims for injunctive and declaratory relief because Hall

---

[1] Specifically, Hall never served his Amended Complaint upon Defendants P.A. Fisk, Mark Henderson, Pamela Ward Monaco, Samantha Peterson, Cathy Redfern, Tom Wood, E. Shane Spears, Jonathan Pine, and Stephen Powell.

is no longer incarcerated at Montana State Prison and so those claims are rendered moot. (*Id.* at 2–3.)

Hall objects to the recommendation to dismiss the nine unserved Defendants, and to the Magistrate's recommendation that Defendants are entitled to summary judgment on his deliberate indifference claim for prison working conditions. Additionally, Hall raises concern that Judge Johnston's legal conclusions are the result of bias and that the Magistrate failed to heed the appropriate summary judgment standards. (Doc. 90.) To all other aspects of the F&R, Hall raises only generalized objections or rehashes previous arguments, neither of which entitles him to de novo review. The Court will address Hall's objections in the order he mounts them.

**I.  Service of Process**

Judge Johnston recommended the Court dismiss nine Defendants who were named in Hall's Amended Complaint and who did not waive service of process. On June 9, 2020, the Court ordered Hall to show cause as to why these Defendants should not be dismissed from the lawsuit. (Doc. 49 at 6.) Hall did not respond to this Order. Although he now objects, the standard to survive dismissal requires Hall to show good cause for the Court to retain these Defendants. (*See* Doc. 49 at 4.) Hall does not offer an explanation that would amount to good cause; instead, he attempts to blame the Clerk of Court for failing to serve these defendants after

3

they failed to waive service following the Court's May 30, 2019 order setting a deadline for doing so (*see* Doc. 28 at 3). This is not good cause. The Court will follow Judge Johnston's recommendation and dismiss the nine unserved Defendants from this case.

II. **Summary Judgment Standard/Judicial Bias**

Hall objects to (what he believes is) the Magistrate's erroneous factual determinations. Hall argues that Judge Johnston demonstrated bias towards him by failing to apply the appropriate standards on summary judgment, particularly, his failure to construe all facts in the light most favorable to Hall, the non-moving party. Specifically, Hall believes Judge Johnston inappropriately resolved his deliberate indifference claim by finding that prison officials had made a chair available for Hall's use in cleaning the prison cell but that Hall chose not to use it. (Doc. 90 at 4.)

The Court need not address whether the F&R made an erroneous factual determination on this score. Judge Johnston's recommendation to dismiss Hall's deliberate indifference claim relied on the fact that there was nothing "inherently dangerous about standing on a [desk] to reach" the ceiling. (Doc. 86 at 10.) Whether or not there was a chair available to Hall is therefore immaterial to Judge Johnston's recommended outcome. As Hall does not specifically object to any other factual assessment, the Court has reviewed for clear error and found none.

As for Hall's concern that Judge Johnston failed to exercise impartiality in his analysis of Hall's claims, the Court has already addressed this matter in a separate order (Doc. 86) and finds no reason to revisit the issue here.

### III. Deliberate Indifference to Working Conditions

The F&R recommends granting summary judgment to Defendants on Hall's claim for deliberate indifference to prison working conditions. Judge Johnston first analyzed Hall's claim against associate warden Beeson and determined he was entitled to summary judgment because Beeson did not personally supervise Hall's cleaning task and Hall had not otherwise alleged facts that would support a theory of supervisory liability. (Doc. 86 at 7.) The F&R then recommended dismissing Defendants Myotte and Fode upon concluding that Hall's claim failed because: (1) there is no objectively serious danger inherent in standing on a desk to clean a prison cell; and (2) Hall cannot show that he suffered any harm or injury related to the handling of human excrement. (Doc. 86 at 9–10, 13–14.) Because the Court agrees with both findings, it will not analyze the claims against Beeson separately. There can be no supervisory liability claim under § 1983 where the underlying allegations do not add up to a constitutional violation.

In the prison-work context,

> [A] prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place [;] . . . the Eighth Amendment is

5

> implicated . . . only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain."

*Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted).

Hall's theory is that requiring him to clean the cell without protective equipment for handling hazardous materials and without a step stool amounted to an Eighth Amendment violation. (Doc. 86 at 5.)

As an initial matter, the Court can set aside Hall's allegations related to the lack of protective equipment because, as Judge Johnston notes, Hall does not allege he suffered any harm from his exposure to fecal matter. *See Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (noting that a viable § 1983 claim requires a plaintiff to sustain an injury for which the constitutional deprivation was the actual and proximate cause). The only question then is whether the failure to provide Hall with a step stool was an "objectively sufficiently serious" deprivation that made his cleaning task one that was "beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." *Morgan*, 465 F.3d at 1045.

The Court need not weigh any disputed facts to know this is simply not the case. The Court agrees with Judge Johnston that there is nothing inherently dangerous about being asked to perform a cleaning task without a step stool. Because Hall had no step stool, he stood on a desk to reach the ceiling. If anything, the wide and sturdy surface of a desk is safer than standing on the narrow

6

rungs of a step stool. That Hall fell from the desk then is simply an unfortunate accident. The Eighth Amendment is not implicated here. For this same reason, Hall's objections to the Magistrate's findings on qualified immunity are meritless. For the reasons stated in the F&R, the Court grants Defendants summary judgment on this claim.

IV. **Deliberate Indifference to Medical Needs**

Judge Johnston recommended the Court grant summary judgment to Defendants on Hall's claim of deliberate indifference to medical needs. Hall does not specifically point to any legal or factual errors in the F&R's analysis of this issue, and instead "rests on the body of law as he previously argued." (Doc. 90 at 20.) This objection does not entitle him to de novo review, and instead, the Court reviews for clear error and finds none. The Magistrate's recommendation is adopted for the reasons advanced in the F&R.

V. **Retaliation**

Hall does not address Judge Johnston's recommendation to grant Defendants summary judgment on Hall's retaliation claim. This, too, is reviewed for clear error, and is adopted. Having found Defendants entitled to summary judgment on all of Hall's constitutional claims, the Court agrees with Judge Johnston's recommendation to deny supplemental jurisdiction over any remaining state-law claims.

IT IS ORDERED that the Findings and Recommendations (Doc. 86) is ADOPTED in full.

1. Defendants P.A. Fisk, Mark Henderson, Pamela Ward Monaco, Samantha Peterson, Cathy Redfern, Tom Wood, E. Shane Spears, Jonathan Pine, and Stephen Powell are dismissed without prejudice.

2. Plaintiff's claims for injunctive and declaratory relief are dismissed with prejudice as moot.

3. Defendants' motion for summary judgment (Doc. 62) is granted.

4. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

5. The clerk of court is directed to enter judgment for Defendants by separate document.

DATED this 22nd day of June, 2021.

_____
Dana L. Christensen, District Judge
United States District Court