UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY G. HALL,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>BUDDY MYOTTE, et al.,<br><br>　　　Defendants. | CV 16–58–H–DLC<br><br>ORDER |

Before the Court is Plaintiff Stacy G. Hall's Motion for Stipulation of Supplemental Jurisdiction. (Doc. 107.)  For the reasons dicussed below, the Court denies the motion.

Hall moves for a stipulation that this Court exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims. (*Id.*)  Typically, a stipulation occurs between the parties, making the Court's involvement unnecessary.  Thus, the Court will interpret this motion as a motion for an order invoking the Court's supplemental jurisdiction.  Defendants object to Hall's motion.  (*Id.* at 2.)

The Court previously declined to exercise such jurisdiction when it ruled against Hall on summary judgment.  (*See* Docs. 86, 92.)  Hall did not object to Judge Johnston's Recommendation that this Court decline supplemental jurisdiction.  (*See* Doc. 90.)  On appeal, Hall stated in his opening brief in response

1

to the question "[w]hat legal claims did you raise in the district court," that he had "alleged the torts of neligence under Mont. Code Ann. § 2-9-101, et seq." and "medical malpractice under Mont. Code Ann. § 27-6-103(5)."  Appellant's Opening Brief at 3, 5, *Hall v. Myotte*, No. 21-35603 (9th Cir. Nov. 5, 2021), ECF No. 3.  However, in the section where he answers the question "[w]hat issues are you asking the court to review in this case?," Hall does not mention any state law claims.  *Id*. at 5–9.  Rather, he asserts his Eighth Amendment medical care claims and his claims regarding Defendants Beeson, Myotte, and Fode and their role in requiring him to clean.  *Id*. at 8–9.  He also emphasizes that he properly objected to these issues in the district court.  *Id*. at 9.

The Court of Appeals did not mention state law claims in its Order, which makes sense given that Hall did not appeal this Court's decision to not consider those claims.  The Ninth Circuit affirmed this Court regarding Hall's medical care claim and remanded his Eighth Amendment prison working conditions claim. (Doc. 97 at 4.)

A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that support a federal claim.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).  In exercising its discretion, the court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of

economy, convenience and fairness to the parties, and comity." *Trs. of Constr. Indus. & Laborers Health and Welfare Tr. v. Desert Valley Landscape & Maintenance, Inc.,* 333 F.3d 923, 925 (9th Cir. 2003).

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

There is no contention here regarding factors 2 and 4: federal claims predominate, and the Court of Appeals has remanded Hall's federal claim regarding the cleaning episode. The question is, then, whether factors 1 or 4 persuade the Court to decline its supplemental jurisdiction.

Defendants assert that to adjudicate Hall's purported state law claim would entail addressing a novel question of state law, invade Montana's sovereign immunity, and disregard Hall's failure to assert a state law claim in his initial disclosure. (Doc. 117 at 7.)

Defendants raise a valid point regarding the interplay of Montana state law litigation and an employee-defendant. In Montana state court, a suit against a state

3

employee is considered a suit against the State and is subject to certain procedural requirements and invokes certain immunities. MONT. CODE ANN. § 2-9-102; *see also Stanko v. Rowton*, 2000 MT 276N (2000). On the other hand, the State of Montana is not a person within the meaning of 42 U.S.C. § 1983 and therefore is not a proper defendant here on Hall's federal claims.[1] The Court concludes that the various limitations on Hall's state law claims and his ability to bring them against these defendants, raise complex issues of state law that are inappropriate at this late stage of the litigation.

In addition, the Court concludes that declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Constr. Indus.*, 333 F.3d at 925. Defendants' argument that Hall did not mention his state law claims at all in his initial disclosure is well-taken. The Court's requirement regarding initial disclosures is not pro forma. These disclosures provide all parties an idea of how to proceed with their discovery and put them on notice of what claims will follow. They are also living documents, should discovery prove there are new or different claims. Further discovery may not be necessary on a claim that arises out of the same incident, but failing to identify the claim at all prejudices the opposing party in preparing for

---

[1] "[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute expressly excludes such claims. Thus, . . . we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002).

4

motions and trial.  Hall has slept on these state law claims for years and raises them now, only three months before trial and several years after the occurrence of the underlying events.  For these reasons—the state law complications and the late notice of these claims—the Court will decline to exercise its supplemental jurisdiction.

The Court concludes that there are compelling reasons to decline to exercise its supplemental jurisdiction.  Most compelling is the fact that Hall did not raise the issue in his objections to this Court or as a ground of appeal to the Ninth Circuit, and the Ninth Circuit did not rule on it.  At this late point in the litigation, the direction from the Ninth Circuit is to decide Hall's federal working conditions claim.  Further, the Court finds that the interplay between Hall's asserted state law claims and his federal claims is not straight forward.  The Court declines to wade into issues of state sovereignty and immunity at this point, when Hall is able to pursue those claims in state court following tolling of the statute of limitations while these claims have been in play in federal court.  28 U.S.C. § 1367(d); *see also Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 459 (2003).

Accordingly, IT IS ORDERED that the motion (Doc. 107) is DENIED.

Dated this 28th day of February, 2023.

_____
Dana L. Christensen, District Judge
United States District Court