IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY G. HALL, | CV 16–58–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BUDDY MYOTTE, et al., | |
| Defendants. | |

Before the Court are Pro Se Plaintiff Stacy G. Hall's Motion to Set Aside
Jury Verdict (Doc. 191), Motion to Reopen Discovery (Doc. 194), and Request for
Order and Clarification (Doc. 201).

Plaintiff brought this action alleging that Defendants violated of his
constitutional rights under the Eighth Amendment by subjecting him to dangerous
working conditions.[1]  On May 3, 2023, a jury unanimously found for Defendants.
(Doc. 173.)  On May 30, Plaintiff timely filed a Notice of Appeal.[2]  (Doc. 184.)
Plaintiff subsequently filed his Motion to Set Aside Jury Verdict on June 14 and
his Motion to Reopen Discovery on June 30.  (Docs. 191, 194.)  Plaintiff's Motion
to Set Aside Jury Verdict seeks relief under Fed. R. Civ. P. 59 and/or 60(b) on the

[1] Plaintiff's complaint contained additional claims that did not survive summary judgment.  (*See* Doc. 97.)
[2] The notice of appeal was filed with the district clerk within 30 days after entry of the judgment or order appealed
from.  Fed. R. App. P. 4(a)(1)(a).

bases of perjury, denial of access to witness testimony, denial of access to medical records, and erroneous jury instructions. (Doc. 191 at 1.) Plaintiff's Motion to Reopen Discovery requests that the Court reopen discovery "for the limited purpose of obtaining records related to the purchase and installation of video cameras" in his housing unit at the Montana State Prison. (Doc. 194 at 1.) These records relate to Plaintiff's claim that Defendants committed perjury during trial. (*Id.* at 2; *see also* Doc. 192 at 7–8.)

Generally, "[t]he filing of a notice of appeal divests the district court of jurisdiction" over the matters appealed. *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986); *see also Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). "However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant [requests an indicative ruling], which is to 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit] . . . for remand of the case.'" *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quoting *Gould*, 790 F.2d at 772.) Upon a movant's request for an indicative ruling, the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals

2

remands for that purpose or that the motion raises substantial issues."  Fed. R. Civ. P. 62.1(a).

The Court does not have jurisdiction to entertain Plaintiff's Motion to Set Aside Jury Verdict or Motion to Reopen Discovery because Plaintiff has appealed the final judgment in this matter.  Plaintiff has not requested an indicative ruling, and therefore, the Court lacks jurisdiction to consider the motions.  Even if Plaintiff had requested an indicative ruling, the Court would decline to entertain the motions.  Accordingly, these motions are denied for lack of jurisdiction.

In Plaintiff's Request for Order and Clarification, Plaintiff raises two separate issues.  First, Plaintiff seeks an order compelling the refund of witness costs and expenses in the amount of $146.64.  (Doc. 201 at 1–2.)  The Court granted Plaintiff's Motion for Trial Subpoenas (Doc. 122) and directed the U.S. Marshal Service to serve trial subpoenas on Plaintiff's behalf upon receipt of the appropriate witness attendance fees.  (Doc. 123.)  Plaintiff provided the required witness attendance fees for James Bailey, apparently totaling $146.64, and a subpoena to appear at trial was served upon Mr. Bailey on April 24, 2023.  (Doc. 152.)  However, Mr. Bailey did not appear at trial and Plaintiff now seeks reimbursement.

The fees provided by Plaintiff were transferred to Mr. Bailey at the time that the subpoena was served.  Those funds are no longer in the Court's possession and

Plaintiff's requested relief is beyond the scope of the Court's jurisdiction in this matter.  Therefore, the Court denies Plaintiff's request.

Second, Plaintiff seeks clarification of the docket entry dated August 15, 2023, stating "Terminate Deadlines and Hearings-termed all transcript related deadlines through 8/14/23."  (Doc. 201 at 3.)  This docket entry simply indicates that deadlines associated with the ordering of transcripts have passed.  The entry is purely administrative and does not indicate any order or judgment of the Court.

Accordingly, IT IS ORDERED that the Motion to Set Aside Jury Verdict (Doc. 191) is DENIED.

IT IS FURTHER ORDERED that the Motion to Reopen Discovery (Doc. 194) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Judgment and Clarification (Doc. 201) is TERMED.

DATED this 2nd day of November, 2023.

Dana L. Christensen, District Judge
United States District Court

4